The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Amy C. Lannard presiding. Good morning. The court is taking up case number 423-1467, People of the State of Illinois v. John C. Boose. And counsel for the appellant, if you please state your name for the record. Hi, good morning, Honor. My name is Drew Wallenstein and I represent the appellant John Boose. And counsel for the appellate, please state your name for the record. First name Allison Page, last name Brooks. And counsel for the appellant, you may proceed. Thank you, Your Honor. As I mentioned, my name is Drew Wallenstein. I represent the appellant. This case concerns two separate post-trial hearings where claims of ineffectiveness of counsel were raised, one conducted under Krenkel, and a second, more general post-trial hearing. Our position in this case is twofold. One, there never should have been a second hearing because when the Krenkel motion was granted by the trial court, a new trial should have been ordered. And regardless, second, a new trial should have been ordered because prejudice was met under Strickland. I'll begin by discussing the first issue and then I will turn to the second. All right. As I mentioned, in this case, a Krenkel hearing was held. The court considered the preliminary Krenkel claims, appointed conflict counsel, and made it clear on the record that it had intended to move it to the second stage. The problem is that when that second stage was reached and it was time for the hearing, the court seemed to have a misunderstanding about what was it supposed to consider under Krenkel. What was it supposed to consider and what was the relief available to the court? Mr. Wallenstein, can I ask a question? Yes, please. Can we back up? What, if any, problem do you see with the failure of the trial court not to address the nature of the prejudice issue beyond just determining that there appeared to be an issue affecting it? What, if any, problem you mean from a procedural standpoint, the fact that the court didn't reach that during that hearing? Correct. Yes, I think that that was problematic, that the defendant had a due process right under Krenkel to have the full consideration of his claim, both was the first prong of Strickland met and was prejudice met. The court basically never reached that under Krenkel. The bind is that by granting the motion, there's nothing really the defendant could do. The defendant succeeded on the motion. On appeal, I can't say, well, the court was wrong for granting the defendant's motion. I'm going to stop from saying, okay, while the court did something wrong, the defendant succeeded. At the point in which the court did make a mistake on the procedure and then reached a finding of law saying, okay, I'm going to grant the Krenkel motion in an order, it then should have given the proper relief under Krenkel, which is a new trial. And you argued it as a due process violation? Our position is that it is a due process violation and also under the law of Krenkel, he was entitled to have a new trial order. Did you argue it that way in your briefs? I would have to check. I believe in the reply, there was specific mention of how this would implicate due process right to fair trial. Either way, our position is that there was only one remedy available. And the failure to give that remedy, this court should give the remedy that should have been given at that time. What authority do you have for the position that once the court makes the initial determination, it must grant a new trial? Well, I cited to Krenkel in the brief was also citing the reply that Krenkel specifically says what should happen when Krenkel motion is granted. Just to think about this as though this were any other motion, the motion itself necessitates a certain relief. There is no other relief available. For instance, if this was a motion to suppress, and the court said granted the motion to suppress, but had made the wrong legal findings, it would be improper for the court to then allow the despite suppressing this evidence, I'm going to allow the jury to hear it. So that's our position is that, yes, there is no Illinois Supreme Court case talking about this, because I think it's such a fundamental thing that a party in litigation files a motion asking for a specific relief. It's the only relief available on that motion. I imagine a court has never had the need before to say, well, what happens when a court does grant it? And I think it's important that if the court was unsure about whether or not there was prejudice, whether or not this was met or had doubts, the court did have the option to deny the motion. Our position is not, okay, the court was bound to do what it is. Our position is that the court took a path, in our opinion, took the wrong procedural path. And once it made that mistake and entered an order under law, it had to follow that order through. It couldn't kind of split the baby and say, okay, well, I'm just going to punt this to another hearing. Because that really created the worst of both worlds, because not only was the Krankle claim not fully considered at the Krankle hearing, so the record is now all muddled and confused. But then instead of determining it then, because if he had denied the Krankle motion, what should have happened was, arguably, original counsel should have been appointed back. And original counsel who was familiar with trial would have been able to do the post-trial hearings, because he had knowledge of the case. He was familiar with the case. He was there during trial. So he would have been able to do, then he would not have been conflicted anymore. So he could have done general post-trial. In this case, conflict counsel who was not familiar with trial, who has kind of limited transcripts based on the effectiveness of the counsel, is now representing him on his post-trial, which doesn't really seem to make sense. And also, once again, we're now doubling up on the number of hearings we need to consider a singular issue, which should be decided right at the Krankle stage. That's where the conflict should be decided. If it's granted, there should be a new trial. If it's denied, then you proceed to the other issues, and we have a clear record. Unfortunately, in this case, we don't have a clear record, because everything has been muddled. The court was all confused about what it should do at different steps. But it could have cured that confusion by either asking for more time or consulting the law, asking counsel to help. So I think, unfortunately, once the court, the court should not enter a legal order if it didn't fully understand the implication. If it didn't fully understand the implication of writing an order saying, we're going to grant the Krankle motion, then the order should not have been entered. So you're saying that Krankle says if the court determines that the lawyer provided ineffective assistance, then you automatically win? Well, Krankle says yes. If the Krankle motion is successful, then yes, a new trial should be ordered. I don't believe the text of Krankle, I don't believe there's any other option given. And I'd say, as I was saying before, the option that occurred here, it doesn't really make sense because it frustrates the purpose of Krankle. The purpose of Krankle is to present a claim where a conflict may occur. Because if the defendant is raising ineffective assistance, their trial counsel now can't really fully represent that post-trial. They're not going to want to raise their own ineffectiveness. Did the court do that? Yes, the court did appoint conflict counsel. Did conflict counsel then pursue the claims that the defendant had raised pro se? Yes. Okay. The problem is that counsel's representation should have ended at the Krankle. The issue should have been decided there completely, and either the motion was granted. So the motion should have been granted in a new trial order, so then there would be new counsel. Or if the motion was denied, then either old counsel would be appointed or defendant could perhaps pursue a different counsel. But at that point, the conflict needs to be decided at the end of the Krankle. I thought he immediately got new counsel. I'm sorry, Andrew, could you repeat that? I thought he immediately got new counsel. Yes. So upon filing the Krankle motion, the court advanced it to the second stage and immediately appointed conflict counsel to pursue the ineffective assistance of counsel. So what's the problem with that? There is no problem with that. I'm saying that was correct. My problem is then what happened at the actual Krankle hearing. That we get to the Krankle hearing, that hearing is not procedurally conducted correctly, and then a finding is reached in favor of the defendant, but he's not given the relief he's entitled to. Okay. Yeah, I have no issue with what had happened up to that point. I think things are going right. And in fact, earlier in the record, there's even talk where the court says explicitly to the state, oh no, I did the preliminary Krankle, we're at the next stage. So the court seemed to know what was going on, but I think at some point, unfortunately, the court got confused. It got confused about what issues it was supposed to or what was required to consider in a full Krankle hearing. And then that confusion led it to that under a legal order. It kind of unfortunately, it is what it is because the order was entered. The order was under granting the Krankle motion, and the defendant was entitled to the result of that. It's an order saying that it's granting Krankle because of ineffective assistance of counsel in part because of what counsel did. So at that point, the result should have happened that a new trial should have been ordered. Or as I said, our position is not necessarily that, okay, under law, he had to grant the motion. I mean, I'm going to talk about prejudice in the second argument. I'm saying from a procedural standpoint, a court is not required, obviously, to grant a Krankle motion. It could have denied it and then it would have gone to a full post-trial hearing. But then the ineffective assistance of counsel issue would have been decided right there at that. And counsel, if I may, because you've talked a lot about the court's confusion. And so just so we're very clear, are you suggesting the court should have considered the issue of prejudice at that time? Yes. I would say not only should they have, they were required to. Under both prongs of Strickland. Yes. I would say Krankle and Strickland requires, what should have happened was the full adjudication of the issue of ineffective assistance of counsel should have happened right there. So that would have included both prongs of Strickland that at the end of the hearing, the court should have made findings, which we don't have findings on prejudice. That's kind of part of the issue. Now on appeal, we have a Krankle hearing missing some of the findings. The full findings should have been made and then a result should have been counsel was either ineffective or not. And if counsel was neutral, counsel wasn't, deny the motion and move on. And at some point, the court does specifically state, does it not, that it was reserving that issue and was allowing counsel to pursue that in the motion for the new trial. Is that correct? Yes. And our position is that the court was to allow that. And your position, if I'm understanding is once the court uses the phrase that counsel is ineffective at that counsel hearing or at the Krankle hearing, even though they did not step through both prongs of Strickland, that that is the order, if you will, that you're referencing. Well, yeah. Therefore, because of that, you're saying the only relief available at that time was a new trial. I don't think our position necessarily has to be that rigid. I think it's helpful that there is an order saying the motion is granted because of the effectiveness of counsel. I think that gives support to this court can go by what the written thing says, can go by a written legal order. But my position is that even if the court was completely confused, like I made an analogy to a motion express, even if the court is completely confused about the law and doesn't apply the Fourth Amendment correctly, it would be improper to enter a legal order and then reach the opposite effect, basically say, OK, I'm going to enter this legal order that necessitates a certain result. But I'm not going to actually put that result into practice. I'm just going to allow things to continue. And if there's a problem with that, well, I'll discover it down the line. Sorry, I had another thought on that. I'm just trying to recall it. The issue is that the court, it's not as though the court didn't just say, OK, again, my position is that the findings in this hearing and said that there was that prejudice procedurally and legally. I'm not saying that. As you mentioned, the issue is that from this record, the court seems to be saying it's not considering prejudice, but there's ambiguity. There's questions. We have to look at what the court's saying at different points. That should not be what's happening under Cranko. We should now not on appeal be looking in order saying, well, the Cranko motion was granted and being trying to figure out, well, did the court actually mean the motion was denied? And we're trying to basically on appeal, figure out ways to reach the opposite effect of a legal order. To me, it seems much simpler to adopt our position, which is basically, this is what Cranko requires. There's a legal order saying this. Just implement those things and follow them through. And then we don't have to introduce some weird rule of exception where, well, court says one thing and then they do the opposite thing. And we think that they meant the opposite, but they ruled this way. It's easier to just go by what the rule says. Now, I apologize, unless your honors have a pressing question on this, I'd like to turn to issue two. And on issue two, which is the actual claims of ineffective counsel, I'm going to primarily focus on the one piece of evidence, which was the police interrogation where the defendant's fundamental rights were basically compromised during the trial because evidence was allowed to come in where not only was the defendant requesting counsel, but the detective during the interrogation actually questions his right to counsel and implies a consciousness of guilt. The exact words of the detective being, why do you feel you need an attorney if you haven't done anything? That was allowed to be played for the jury. No instruction was given, no admonishment. The prejudicial effect of questioning the assumption of the defendant's innocence added into the trial and nothing was done about it. In terms of the first prong of Strickland, it was completely ineffective to allow this suggestion to be introduced at trial. There was no strategy to allow this kind of evidence in. There is no trial strategy where the defendant's fundamental rights being implicated are part of it. It makes no sense why he would allow this portion of this recording to come in. Now, it seemed like counsel maybe had a strategy to allow the evidence itself, the actual video, but he still could have moved to redact the parts of the video where defendant was requesting counsel and where the detective was questioning his innocence based on the fact that he was doing it. In terms of the second prong, this evidence affected a fundamental right to impugn the fairness of trial. While typically we would be asking about substantial probability would trial have been different, the issue is that this kind of insinuation goes to such a fundamental part of the prejudices and biases that our system is set up to cure. We make sure that before we impanel jurors, we ask them about how they feel about the presumption of innocence, about the fairness of trial, how they consider different witnesses. Our jury instructions are carefully done to make sure these kinds of prejudices and biases don't come into trial and don't potentially go into deliberation. Instead, this idea was put out into the trial and was never addressed until after the verdict in which then the court decided to do a very confusing and flawed poll, which I don't think really got to anything essential on this issue. Counselor, if I may, though, just so I'm clear, you talked about the statement and how you believe that's insinuating, but are you also insinuating that the court was suggesting when it pulled the jury that a particular affirmative answer was required to the question or is the insinuation related only to that as it relates to the defendant's presumption of innocence because of what was played in the video? I guess I want to be clear on this argument. No, the insinuation is the presumption of innocence. I don't think the court was... How is the jury polling? You said it was flawed in your statement a moment ago. It seemed the court made an inquiry there. Why is that not sufficient? Well, I think twofold. First, I think the nature of the evidence we're talking about, it's not going to come out in a poll because it's not necessarily something a jury is going to think about consciously. A jury, when they go back, they're not consciously thinking about the presumption of innocence, all these other things. This suggestion is put in, which could activate the biases we're trying to prevent. We make sure that they do not... It's such a fundamental thing. As I said, we ask these error questions. If they don't understand and accept these very basic things, a new trial would have to be ordered just for not asking the question. But more specifically, in this case, the court's question was, now I have to ask you something else. I'm going to read a question. I'm going to ask you each whether yes or no. Did the fact of the detective's interview of the defendant ended when Mr. Booth asked to speak with an attorney in any manner affect your verdict in this case? The question is, did the fact that the detective's interview ended early affect your verdict in the case? I put some ellipses there. That is not the issue in this case. The issue is not the interview. It does believe that your time has concluded. You will have time to rebuttal. Thank you. Ms. Burks, you may proceed with argument. Thank you, Your Honor. May it please the court and counsel. The trial court is explicitly limited its finding during the Krenkel proceedings to the first drawing of Strickland. It also recognized that that means it did not automatically require a new trial, and it allowed the defense an opportunity to establish the prejudice prong in their motion for a new trial. So, they received a full and fair opportunity to establish both strongs of Strickland, although they failed on the second prong, and that's why the new trial requested was ultimately denied. So, because it was denied, the defendant does have a chance to complain on appeal. But actually, when the defendant appeals, it places the judgment before this court, not the reasoning. So, this court can review de novo whether, in fact, the trial court correctly found on the first prong of Strickland, not just the second prong. And so, that's why the states argued that the defendant should not even have prevailed that much on the first prong of Strickland because of the strong presumption of reasonable assistance under Strickland. And here, the situation where it has to be looked at, not in hindsight, but with a strong measure of deference to counsel's judgments and tactical decisions. Here, when a prosecutor offers essentially for an informal resolution of redactions with the defense, and the defense then is going to elect to trust the prosecutor's decision to start and stop a video like this, there's always a risk that even if this had been elected, raised in limine, that the prosecutors might inadvertently not stop the video in time and something might come in before jurors during the presentation of evidence. And so, did the trial court itself express some concern about defense counsel allowing the statement of the defendant that he was wanting to assert his right to counsel and then being confronted with that by the detective? Did the court express some concerns about that itself? I don't remember. I remember that the interview was ended because there was an unequivocal assertion of right to counsel. But I think what defense counsel is referring to today is actually something that occurred earlier in interview, which the defense has not established like with any sort of argument how that meets the standard for being unequivocal. So, that's sort of the defense burden in their brief to like quote the language and show how this is unequivocal and then therefore that constitutes something that would be a doyle violation. The question is, did the trial court express its own concern about the defense attorneys allowing the portions of the video in and ask the attorney whether this was part of his trial strategy to which he responded yes? Well, I don't remember specifically what that part of the record was, but I know that this is, in my opinion, this is extremely important because at the point the determination, the initial crankle determination, the only evidence it had before it was that the attorney said this was trial strategy because the court had otherwise expressed its own concern about allowing that, why the defense attorney was allowing that. It wasn't until the evidentiary hearing then when the defense attorney gives a different response and says, no, it wasn't trial strategy. I really hadn't viewed the video that was going to be admitted and I just assumed the state was going to take that part out. Now, the court is confronted with a completely different explanation that does not fall under trial strategy. Doesn't that create a problem for the court's ruling? Well, it does not because even if the counsel, this particular attorney was ignorant in order to show that there was ineffective assistance of counsel, the defendant's burden is to show that no competent counsel would have acted the same despite the, even if there's an admission of ignorance because in this situation where a prosecutor is essentially laying landmines in front of their own case by offering to start and stop the video, they are offering the defense a free opportunity for an acquittal here and in fact what the defense, I cannot hear you, Your Honor. Judge DeArmond, I don't believe we can hear you. Yeah. Oh, now we can. Okay. You put an interesting perspective on that. I would suggest that in reality when prosecutors do that, they're trying to redact the otherwise inadmissible evidence and leave in the admissible evidence. In this case, they apparently, the defense doesn't even confront the issue of the defendant's assertion of his right to counsel in a motion in limine, correct? There was, I think, some redactions involved in limine but they did not include this particular one. Just answer the question. Yes. This goes much easier. Just answer the question. Did the defense attorney file a motion in limine asking to have that portion of the video excluded? The motion in limine did not include that part of the argument. Okay. And the explanation he gave was that it was trial strategy, correct? I don't remember specifically but I think that's what you're saying, yes. But then when the evidentiary hearing occurred, the defense lawyer changes and says, no, that wasn't it. I hadn't viewed the redacted video and just assumed that the state was going to take it out. Why is that not sufficiently prejudicial to the defendant that he is entitled to a new trial? The line of cases on the admission of a defendant's assertion of his right to counsel uncontested as being sufficient in and of itself to warrant a mistrial is as long as my arm. Well, the defense had an opportunity to request a mistrial. That was the strategic decision that the defense attorney said that the trial was going well. And in fact, that's why it was unconfident not to put this in a motion in limine. But this is the same guy the judge later says was ineffective. How effective can he be at trial when the judge himself found him ineffective? Your Honor, the court has to look at what counsel did and did not do and decide whether that was objectively reasonable or not. And in this situation, not putting this in a motion in limine, when the prosecutors are laying landmines in front of their own case by choosing to start and stop a video that might inadvertently let something like this in, which will allow the defense the opportunity to request a mistrial. And if it had been requested, because if in this situation, the defense attorney said, no, the trial is going poorly, this would have been an automatic mistrial. But the defense thought this was going well. And so this was a free chance for him. I'm sorry. No, go ahead, Judge Sherman. You're giving him credence for his decisions that the trial court has already determined he was ineffective. Well, if this court reviews the first stage de novo, the standard has to be that any I'm sorry, every hypothetically competent counsel would have requested this to be in limine motion. And in this situation, there's a lot of So therefore, winning a mistrial where they might be able to gain tactical advantage by requiring the prosecution to put on their case twice, that's a huge advantage. Even if it doesn't ultimately end, you know, the first trial would be like just a dry run that will get the defense and edge in the second trial. That was the one that will really count. They would also know that when a prosecution wants to start videos, they might mess this up. And so just letting the prosecution trip over its own feet here and then giving an opportunity for the defense to say, oh, yeah, they messed up. That was what we were hoping. So now we can make a motion for mistrial. And now we preview the prosecution's case and have an advantage in the second trial or trial is going well. This is a free chance for an acquittal. And then like with the prosecution, I'm sorry, what the trial court did after the trial, again, to protect the defendant's rights, to pull all the jurors. If there had been any juror who ended up ultimately agreeing that they somehow entered in their delimitations or it was just disgusting limitations or that it was considered by the jurors, again, automatic mistrial. Mr. Brooks, you've been doing this a long time. You've done a lot of criminal appeal, right? Yes. How many criminal appeals have you had where a judge has pulled a jury after their verdict, asking them about a portion of evidence and the weight to which they gave it? I have not seen it yet. No, this is first. Okay. Doesn't that clearly invade the province of the jury and their deliberations? Well, answer that question would be yes. I'm not sure that that actually is never, that that would be improper, that that would somehow be something where if there'd been extraneous information, for example. That's not what we're talking about. The judge is asking directly about specific evidence that was admitted. Did they consider it? And then is asking what weight did they give to it? That, I would suggest, is a direct invasion of the province of the jury and their deliberations. Would you agree that there are a lot of cases telling us we're not supposed to ask the jury how or why they reached a verdict in a criminal case? Would that be fair? I don't know of any case specifically. I know the attorneys, for example, for the parties are able to interview jurors afterwards, but they're not required to answer the question. That's not what we're talking about. Right. We're talking about the jury being pulled after a criminal verdict. Number one, you've now told us that in your years of experience, you've never seen that. Correct? I have not. Okay. Two, do you know of any circumstance where a court has questioned jurors about what evidence they considered and what weight they would give it or had given it in reaching their verdict? What was the beginning of the question? What case have you ever known of where a trial court has questioned jurors during polling about a specific portion of evidence and the weight that they were giving it? No, I've not seen that case. Okay. If that's a clear invasion of the province of the jury and their deliberations, why is that not enough by itself to get a new trial? Well, first of all, the jurors already have rendered their verdict. If the judge had said that something prior to the jurors returning their verdict, so that could have affected their deliberations, but they've already rendered a verdict. So any post verdict- So anything that the court does improper with the jury after verdict, no harm, no foul. The verdict's already been received by the court, so it couldn't have prejudiced their deliberations when they've already returned the verdict. So that's why it wouldn't be prejudicial. We're not talking necessarily about prejudice. We're talking about the basic violation of the province of the jury and their deliberations, which we are not supposed to do. That's a procedural error on our part, to be questioning jurors about how they reached their verdict in a criminal case and what evidence they weighed or didn't weigh. Well, the defendant is requesting a new trial, and if the defendant does not raise an issue like that, and if the court is trying to raise it sua sponte, there are limitations in terms of whether an error is certainly so clear or obvious, and it would have to meet the second pronged plain error standards that would be necessary for relief to uphold the integrity and reputation. And without any sort of clear precedent that I'm aware of, I mean, if the court has precedent to cite, that would be something they could do if they had meet the standards for raising an error sua sponte. I thought we'd already determined that you've never seen a case where a trial court has polled a criminal jury, number one. You've never known of a circumstance where a trial court has questioned jurors in a criminal case about specific pieces of evidence and how much weight they gave it. But that doesn't mean necessarily that because there is a lack of authority that it makes the error clear or obvious for purposes of second pronged plain error. Especially in a situation... Maybe it's plain error and clear and obvious because it's never happened before. Nobody would do that. Well, essentially, the state's argument would be that once the jurors already returned their verdict, that anything that the judge does with the jury afterwards would not jeopardize the defendant's right to a fair trial for purposes of second pronged plain error. And so, I mean, remarks about thanking the jurors for their service, etc. I mean, anything the judge might have said or done afterwards... Not thanking the jurors. I understand, but... Clearly invading their deliberations. But without on-point authority from, like, especially the Illinois Supreme Court or something where a defendant maybe misses it, doesn't put in their opening brief, the state, I'm sorry, the court finds a clear and obvious error under controlling Illinois Supreme Court precedent, for example, and says that that violates the defendant's rights to a fair trial and is basically second pronged plain error under controlling precedent. And that would be the type of situation where the court could sua sponte, raise a claim of plain error that was not raised by the defense in their brief. But without giving the opportunity to say to, like, brief this, for example, that's why it's kind of hard on oral arguments to try to answer questions about a particular error that's being raised by the court sua sponte. That's why there's rules for briefing and that's why there's limitations on the court raising issues sua sponte. I do appreciate having some opportunity to answer this, but if the court would consider something like this, maybe it would be better to offer the parties the opportunity to brief it. Otherwise, I'd answer any more questions, but I'd like to also move on, if possible, in my limited time. Thank you, your honors. So the defendant essentially asking for, but just to finish on my prior point, is that essentially the defendant cannot make his burden of showing that every competent counsel would have proceeded in this way. The advantages here to the defense of letting the prosecution kind of mess this up with the state essentially heavily protecting the defense rights every step of the way. I think that was why they haven't shown incompetent counsel. That's standard for first prong, that is, regardless of whether defense attorney in this case was ignorant or whatever. The other thing was the idea that somehow defense says new counsel should have been replaced with the old counsel who'd already found to be deficient. When they didn't ask for that, why that would be a ground for a new trial. I mean, that's the idea is defense wants a new trial here. Citing due process errors with the crankle proceeding, that would necessitate new crankle procedures, not a new trial. So they're not even really asking for the right relief if that was the issue, was the due process. And they haven't shown any sort of clear error in bifurcating these two prongs into different proceedings. So, I mean, that's sort of like they have to show that's an error and it's due process. If it's a full and fair opportunity to litigate, why does that make any difference whether it was divided up or not? And so defense is requesting essentially the judgment, which this court reviews a judgment, be reversed without showing a prejudice necessarily. I understand they're making argument of prejudice, but I'll also say now why it's not meritorious. So in this case, the trial court correctly found there was no prejudice. And notwithstanding the polling of the jury, which is something that never happens, like you said, but that would make it even harder to get a showing of prejudice when the jurors essentially admitted that they never considered it, never came up in deliberations. But even apart from that, the strength of the evidence here, we've got an eyewitness, Deanna Poe. You got Nate Pulliams on the phone at some points, constitutes an ear witness. And one of the biggest parts of evidence was the physical evidence. So two parts of that is the defense knuckles were significantly swollen, which corroborates the beating that Deanna Poe saw and that Nate Pulliam had heard some of that stuff going on. And then Regina's injuries could not, according to forensic pathology, could not have happened from the falls on the stairs or in the bathtub, which was what the defendant told police. So in that situation, there is no reasonable probability, despite the nature of the error, the defense relying heavily on this sort of error as being an important type of error. But notwithstanding all that, there's just because of the strength of the evidence, there's no reasonable probability that in this situation, that the jurors would have acquitted the defendant. I mean, it's the standard under Strickland when the claim is ineffective assistance of counsel and the judgment is the verdict is guilty. Then the question becomes, is there a reasonable probability the jurors would have said not guilty had this been handled differently? And in their situation that there is, just because of the strength of evidence, there's no reasonable probability. And so in this situation, this court should review the judgment, find that in fact, there was no finding on, that the evidence in this case and the record does not warrant a finding on both prongs of Strickland in the defendant's favor. And for that reason, affirm the judgment. I'd entertain any other questions you have, Your Honors. Seeing none. Thank you, Counsel. Counsel, you may proceed with argument. Thank you, Your Honor. Let me finish to the previous point, or let me return to the previous point I was making when I ran out of time, because there was a lot of discussion about this during the poll, in the preceding discussion. Again, the poll said, did the fact that the detective's interview of the defendant undid ellipses affect your verdict in this case? Not only is that an invasion of privacy, an invasion of the deliberation of the jury, that is not even the issue in this case. The issue is not, did the detective's interview end affect your verdict? The issue is what was said in the interview. The issue is that during the interview, Mr. Brews asked for counsel. And he said that he was making attempts to get counsel. And then the detective in the interview suggests that he may not be innocent because of that. That is the issue. Importantly, going further in terms of the, just the invasion of deliberation or the problems with this poll, how it doesn't really show us what a prejudice occurred. During the questioning of this, one of the jurors says yes multiple times. The juror says yes multiple times. And then the court continues to ask until a no was given. Now, I don't think the court was intentionally trying to cause that to happen. I think it was just sort of, this situation got so muddled and confused that this is another part of what broke down. But in the process, by continuing to ask the juror until they gave no, the court basically signaled to all the other jurors, answer no. Answer no, that is the correct answer to this question. Just like every other instance where a judge rehabilitates a juror in voir dire, it signals to the other jurors, this is the expected response, say it on the record. So in my opinion, the judge relying on that jury poll to not find prejudice when this is such a fundamental issue of prejudice, allowing this constitutional right to be questioned, I think was a mistake by the court. Now, there was a lot of discussion about the two prongs of Strickland. On the first prong, I have to say that I don't think there's any valid trial strategy, which is just, I'm gonna allow prejudicial evidence questioning the fundamental rights of my clients and then go to verdict. I also point out, counsel never objected to this. It's not like after trial, counsel moved for mistrial. As quoted in the reply brief, sound trial strategy is made of sterner stuff. It is not a valid strategy to allow incriminating evidence in, which creates a consciousness of guilt in the juror's minds. Counsel suggests that, well, a second trial would have some benefits of that. Well, counsel never asked for a second trial. Counsel never moved to take any action on this issue. Counsel allowed the evidence to be heard by the jury, took no action, a verdict resulted, counsel still took no action. The only action that was taken was by the court on its own. And I'll address that. There was some question about, did the court express concerns? The answer is yes. Court expressed very serious concerns on this issue. The court expressed immediate concerns as to how did this happen? Why wasn't this brought up earlier? Why did you allow this to occur? The court was concerned when the actual deliberations were going saying that the court had spoken to other judges. It was considering giving an instruction, but was so worried of the impact of this statement that if he gave an instruction, it would actually taint the entire deliberation. I have to question if the court was so concerned to the point that it didn't even want to bring it up in worry of damaging deliberations, why did the court not find that it was prejudicial? If the court was prepared to immediately grant a mistrial, why was it not prejudicial? The state counsel even suggested that, yes, this potentially would have warranted a mistrial. So why are we debating the prejudice of it? If it would have resulted in- Counsel, if I may. If I may. And I believe the part you're referencing now is that following jury deliberations, but before the jury was brought back into the court, that's when that exchange occurred with the court and Mr. Morrison when they talked about another judge had suggested interrupting jury deliberations, but he was worried that that would only reinforce the potential prejudice. And that's when the court asked counsel again, whether was it a conscious decision on your part counsel not to allow defendants requests for counsel to be taken out, Mr. Morrison. And that's when Mr. Morrison responds, no judge, to be honest, I assume the state would know not to play that part of it. I understand your point that I should have filed a motion and eliminate it specifically to that. And that's when that discussion was held, at which time then the court responds by saying, if there is a guilty verdict, he intended to hold the jury, right? Correct. And in your brief, did you raise any arguments with regards to invading the province of the jury? I did not. Our position would be, I did discuss the poll, the impact of the poll. So it potentially could be considered to respond to it. But also if the court really wants to consider this issue further, of course you are free to order supplemental briefing. So we could perhaps address the issue if the court feels like it is not presently addressed to fully consider the issue. Counsel, I believe your time has concluded. Thank you. Yes, thank you. The court will take the matter under advisement and the court does stand in recess.